UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-80808-ROSENBERG/BRANNON

COMPULIFE SOFTWARE, INC.,

    Plaintiff,

v.

BINYOMIN RUTSTEIN *et al.*,

    Defendants.
_____/

## ORDER DENYING COMPULIFE'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Compulife's Motion for Summary Judgment [DE 68]. The Court has carefully reviewed Compulife's Motion and all pertinent portions of the record. In addition, the Court held a hearing on June 28, 2017, and is otherwise fully advised in the premises. For the reasons set forth below, Compulife's Motion is **DENIED**.

### I. INTRODUCTION

Plaintiff Compulife Software, Inc. ("Compulife") filed its Amended Complaint [DE 8] against Defendants Binyomin Rutstein and David Rutstein on May 26, 2016. In its Amended Complaint, Compulife asserts claims for direct copyright infringement, contributory copyright infringement, theft of trade secrets under both federal and Florida law, violation of the Florida Computer Abuse and Data Recovery Act, and unfair competition under the Lanham Act, Florida common law, and the Florida Deceptive and Unfair Trade Practices Act. Compulife now seeks summary judgment as to all of its claims. Because the Court concludes that there are genuine issues of material fact, Compulife's Motion must be denied.

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

### III. DISCUSSION

Essentially, Compulife argues that its evidence establishes copyright infringement, theft of trade secrets, and other alleged violations of law by the National Association of Accredited Insurance Professionals ("NAAIP") and BeyondQuotes as of April 2015. Compulife further argues that its evidence establishes that NAAIP and BeyondQuotes are controlled by Defendants David Rutstein and Binyomin Rutstein. In support, Compulife has presented evidence that a man going by the name "David Gordon" and using the email address "david@naaip.org" was involved with NAAIP and BeyondQuotes during this time. Compulife has also presented evidence that David Gordon is an alias used by Defendant David Rutstein.

Defendants, however, have presented evidence of the following: Binyomin Rutstein is

2

not and has never been involved with the operations of NAAIP. *See* DE 99-5, Deposition of Binyomin Rutstein at 43:16–25. Binyomin Rutstein has had no involvement with BeyondQuotes since 2009. *See id.* at 119:1–120:5. David Rutstein transferred control of NAAIP and Beyond Quotes to Aaron Levy in April of 2012 and has had no involvement with either NAAIP or BeyondQuotes since then. *See* DE 99-3, Declaration of David Rutstein at ¶ 10; DE 99-4, Deposition of David Rustein at 19:11–21:11, 24:11–25:16, 29:9–15, 77:22–78:5, 80:3–19, 84:16–24. The email address david@naaip.org has never belonged to Binyomin Rutstein. DE 99-5, Deposition of Binyomin Rutstein at 96:8–97:1. The email address david@naaip.org belongs to Aaron Levy and, while David Rutstein had access to that email address in the past, David Rutstein has not used it since April of 2012. *See* DE 99-4, Deposition of David Rustein at 35:14–41:21, 64:11–65:10. Aaron Levy is a real person. *See* DE 99-3, Declaration of David Rutstein at ¶ 11. David Rutstein has never used the name "David Gordon" or any other alias. *See* DE 99-4, Deposition of David Rutstein at 52:16–53:8; DE 99-5, Deposition of Binyomin Rutstein at 47:5–7. To the extent David Rutstein ever had access to Compulife's data, it was through an arrangement with MBM Life Quotes, LLC and MSCC Corporation, and David Rutstein was never advised that the data was coming from a third party. *See* Defendants' Statement of Additional Material Facts in Opposition to Plaintiff's Motion for Summary Judgment, DE 99 at ¶¶ 14–18. Finally, David Rutstein never entered into a licensing agreement or any agreement restricting use of the data feed. *See* DE 99-3, Declaration of David Rutstein at ¶ 9.

As Compulife acknowledged during the hearing, there is no record evidence of copyright infringement, theft of trade secrets, or other violation of law linked to NAAIP or BeyondQuotes prior to April 2012, nor is there any record evidence of such conduct by David Rutstein or Binyomin Rutstein personally, rather than through NAAIP, BeyondQuotes, the email address

david@naaip.org, or any alias. Accordingly, the Court may grant summary judgment in favor of Compulife only if the Court determines that Defendants' evidence does not create a genuine dispute as to the facts set forth above.

As a general rule, the Court may not weigh conflicting evidence when considering a motion for summary judgment. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "[A party's] version of events can be blatantly contradicted by videotapes or other overwhelming physical evidence and testimony." *Hall v. Bennett*, 447 F. App'x 921, 923 (11th Cir. 2011); *see also Scott*, 550 U.S. at 380 (concluding that summary judgment was appropriate where video evidence "utterly discredited" the plaintiff's version of events); *Johnson v. Niehus*, 491 F. App'x 945 (11th Cir. 2012) (concluding that summary judgment was appropriate where physical evidence contradicted the plaintiff's testimony); *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249 (11th Cir. 2004) (concluding that summary judgment was appropriate where multiple affidavits and photographic evidence contradicted the testimony of a single eyewitness who had previously given a different account of events).

Compulife urges the Court to conclude that Defendants' testimony is blatantly contradicted by Compulife's evidence. However, Compulife has presented no video, photographic, or other physical evidence. Compulife's evidence is limited to affidavits, deposition testimony, and documentary evidence, none of which is so overwhelming that a reasonable jury could not, as a matter of law, credit Defendants' evidence over Compulife's.

Rather, a genuine dispute of material fact exists, and summary judgment is therefore inappropriate.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Compulife's Motion for Summary Judgment [DE 68] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of June, 2017.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE