**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| COMPULIFE SOFTWARE, INC.<br><br>   Plaintiff,<br><br>v.<br><br>BINYOMIN RUTSTEIN a/k/a BEN RUTSTEIN, DAVID RUTSTEIN a/k/a DAVID GORDON a/k/a BOB GORDON a/k/a NATE GOLDEN and JOHN DOES 1 TO 10,<br><br>   Defendants. | **CASE NO: 9:16-CV-80808-RLR** |
| COMPULIFE SOFTWARE INC.,<br><br>   Plaintiff,<br><br>v.<br><br>MOSES NEWMAN, DAVID RUTSTEIN, BINYOMIN RUTSTEIN AND AARON LEVY,<br><br>   Defendants. | **CASE NO.: 9:16-cv-81942-RLR** |

**CONSOLIDATED FOR TRIAL**

**AMENDED JOINT PRETRIAL STIPULATION ON REMAND**

  Plaintiff COMPULIFE SOFTWARE, INC. and Defendants BINYOMIN RUTSTEIN a/k/a BEN RUTSTEIN, DAVID RUTSTEIN a/k/a DAVID GORDON a/k/a BOB GORDON a/k/a NATE GOLDEN in Case No. 9:16-CV-80808-RLR (the "'808 Case") and Plaintiff COMPULIFE SOFTWARE, INC. and Defendants, MOSES NEWMAN, DAVID RUTSTEIN, BINYOMIN RUTSTEIN and AARON LEVY in Case No. 9:16-cv-81942-RLR (the "'942 Case"), by and

through their undersigned counsel, hereby submit their Joint Pretrial Stipulation in these Consolidated Cases on Remand and state as follows:

1. **A short concise statement of the case by each party in the action.**

    a. **Plaintiff in both cases:**

    Compulife incorporates by reference the recitation of facts contained in the Eleventh Circuit's Opinion dated May 20, 2020 ("Op.") issued as the Mandate and filed with this Court on June 18, 2020 at DE 257 in the '808 Case, and at DE 268 in the '942 Case.

    b. **Defendants in both cases:**

    Compulife incorporates by reference the recitation of facts contained in the Eleventh Circuit's Opinion dated May 20, 2020 ("Op.") issued as the Mandate and filed with this Court on June 18, 2020 at DE 257 in the '808 Case, and at DE 268 in the '942 Case.

2. **The basis of federal jurisdiction.**

    a. **Plaintiff**

        i. The '808 Case: The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

        ii. The '942 Case: The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

3. **The pleadings raising the issues.**

    a. **Plaintiff**

        i. The '808 Case: Count I: Direct Copyright Infringement (17 U.S.C. § 501); Count II: Contributory Copyright Infringement (17 U.S.C. § 501); Count IV: Federal Theft

of Trade Secrets (18 U.S.C. § 1836(b)); Count V: Florida Theft of Trade Secrets (Chapter 688, Florida Statutes) (Counts III, VII, and VIII previously dismissed and affirmed on appeal).

    ii. The '942 Case: Count I: Violation of the Economic Espionage Act of 1996 as Amended by the Federal Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836(b)); Count II: Direct Copyright Infringement (17 U.S.C. § 501); Count III: Contributory Copyright Infringement (17 U.S.C. § 501); Count V: Florida Theft of Trade Secrets (Chapter 688, Florida Statutes) (Counts IV, VI, and VII previously dismissed and affirmed on appeal).

  **b.** **Defendants**

    i. The '808 Case: Affirmative Defenses of independent creation, innocent infringement, unprotectable elements, failure to maintain level of secrecy and confidentiality of trade secret, permissive use and unclean hands.

    **ii.** The '942 Case: Affirmative Defenses of independent creation, innocent infringement, unprotectable elements, failure to maintain level of secrecy and confidentiality of trade secret, permissive use and unclean hands.

**4.** **A list of all undisposed motions or other matters requiring action by the Court.**

None.

**5.** **A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

  a. Attached as **Exhibit 1** is the parties' concise statement of uncontested facts which will require no proof at trial.

**6.** **A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

      a.      **As to liability for Copyright Infringement[1]:**

          i.    Whether Compulife's 2010 HTML Source Code is entitled to copyright protection. (Plaintiff's burden, see Op. at 16, 26).

          ii.   "Factual copying . . . 'whether the defendant actually used the plaintiff's material.'" (Plaintiff's burden, Op. at 16-17 citing *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1554 (11th Cir. 1996)("may be shown 'either by direct evidence, or, in the absence of direct evidence, it may be inferred from indirect evidence demonstrating that the defendant had access to the copyrighted work and that there are probative similarities between the allegedly infringing work and the copyrighted work.'").[2]

---

[1]    In light of these considerations, copyright-infringement analysis should proceed as follows: Once the plaintiff has proven that he has a valid copyright and that the defendant engaged in factual copying, the defendant may seek to prove that some or all of the copied material is unprotectable. If the defendant carries this burden as to any portion of the copied material, that material should be filtered out of the analysis before comparing the two works. After filtration is complete, the burden shifts back to the plaintiff to prove substantial similarity between any remaining (i.e., unfiltered) protectable material and the allegedly infringing work. If the defendant demonstrates—at the filtration stage—that it copied only unprotectable material, such that no substantial similarities remain after filtration, the defendant is entitled to summary judgment. See *Home Design Servs., Inc. v. Turner Heritage Homes Inc.,* 825 F.3d 1314, 1322 (11th Cir. 2016). But because the defendant bears the burden to demonstrate unprotectability, the mere failure of the plaintiff to present evidence of protectability—assuming that a valid copyright and factual copying have already been established—isn't a sufficient reason to give judgment to the defendant. Rather, where the defendant's evidence is insufficient to prove that a particular element is unprotectable, the court should simply assume that the element is protectable and include that element in the final substantial similarity comparison between the works.

Op. at 26-27.

[2] "Factual copying isn't really disputed here, and we think it has been established, in any event, so we focus here on legal copying." (Op. at 17; see also, Op. at 17, fn. 5 (recounting facts showing defendants conceded access))

    iii. Legal copying, i.e. whether defendants copied protected expression from the Compulife Software. (Plaintiff's burden, Op. at 17 quoting *Peter Letterese & Assocs. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008) ("'Legal'—or 'actionable'—copying occurs when 'those elements of the [copyrighted work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.'")).

    iv. Whether the portion of Compulife's Software that Defendants copied is unprotectable. (Defendants' burden, Op. at 24-27; requires the Court to make a filtration analysis, Op. 28-29).

    v. Whether the portion of Compulife's software that Defendants copied is significant as judged by reference to Compulife's copyrighted work. (Plaintiff's burden, Op. at 24-27; requires the Court to make a filtration analysis, Op. 28-29, 33-36; requires the Court to evaluate the quality and quantity of the copying, Op. 30-31).

  **b.** **As to the defendants' defenses to Copyright Infringement:**

    i. Whether Compulife's 2010 HTML Source Code or portions thereof is unprotectable.

    ii. Whether the source codes used on the various naaip.org websites are the result of independent creation.

    iii. Whether Defendants were given permission to use Compulife's 2010 HTML Source Code source code or portions thereof.

      iv.    Whether any alleged infringement of Compulife's 2010 HTML Source Code source code was innocent.

      v.    Whether any alleged copying was significant to Compulife's 2010 HTML Source Code.

      vi.    Whether Compulife acted with unclean hands.

    c.    **As to liability for Trade Secrets misappropriation:[3]**

      i.    Whether the compilation of information contained within the Compulife Software concerning the term life insurance market, term life products, and term life rates, are trade secrets of Compulife. (Plaintiff's burden, Op. at 36-37).[4]

      ii.    Whether Defendants acquired Compulife's trade secrets in interstate commerce by improper means without the permission or authority of Compulife in violation of 18 U.S.C. § 1836(b) and/or Chapter 688, Florida Statutes. (Plaintiff's burden, Op. at 38-40).

    d.    **As to the defendants' defenses to Trade Secrets Misappropriation:**

      i.    Whether the life insurance quotes generated by Compulife's compilation of information contained within Compulife's Software are trade secrets.

---

[3] "[T]he substantive standard for misappropriation is identical under FUTSA and DTSA, at least as they apply here." (Op. at 37 fn. 13).
[4] "The magistrate judge found that Compulife's Transformative Database was a trade secret, a finding that is not clearly erroneous and that, in any event, doesn't seem to be contested on appeal." (Op. at 37).

6

   ii. Whether Compulife failed to maintain a level of secrecy and confidentiality of its the compilation of information contained within Compulife's Software or the quotes generated from the compilation.

   **iii.** Whether Defendants were given permission to generate and/or use life insurance quotes from the compilation of information contained within Compulife's Software.

   **iv.** Whether Defendants were freely given access to the compilation of information contained within Compulife's Software.

   **As to damages and injunctive relief:**

   i. Whether Compulife has been damaged by Defendants, and in what amounts;

   ii. Whether the harm caused to Compulife is irreparable entitling Compulife to a permanent injunction.

**7.** **A concise statement of issues of law on which there is an agreement.**

 a. This Court has subject matter jurisdiction over these actions pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

 b. This Court has personal jurisdiction over the parties.

 c. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a).

**8.** **Each party's numbered list of trial exhibits.  Attached.**

**9.** **Each party's trial witnesses.**

 **a.** **Live testimony:**

   i. Robert Barney, CEO, Compulife (estimated three hours)

      ii. Chris Bruner, Computer Programmer (CTO), Compulife (estimated two hours)

      iii. Jeremiah Kuhn, COO, Compulife (estimated two hours)

      iv. Michael Steinhardt, VAMDB (estimated one hour)

      v. Nancy Miracle, Expert Witness for Compulife (estimated two hours)

      vi. Moses Newman, Defendant (estimated one hour)

      vii. David Rutstein, Defendant (estimated two hours)

    b. **Testimony considered on the existing transcript:**

      i. Brian McSweeney

    c. **Deposition Testimony designated:**

      i. Michael Steinhardt (filed at Docket Entries 291 to 291-7).

10. **Estimated trial time.  3-4 days.**

Dated:  November 6, 2020          Respectfully submitted,

| | |
|---|---|
| */s/ Joel B. Rothman* | */s/ Allison L. Friedman* |
| JOEL B. ROTHMAN | ALLISON L. FRIEDMAN |
| Florida Bar No. 98220 | Florida Bar No. 0055336 |
| joel.rothman@sriplaw.com | ralfriedman@hotmail.com |
| | |
| **SRIPLAW** | **ALLISON L. FRIEDMAN, PA** |
| 21301 Powerline Road | 20533 Biscayne Boulevard |
| Suite 100 | Suite 4-435 |
| Boca Raton, FL  33433 | Aventura, FL  33180 |
| 561.404.4350 – Telephone | 305.905.2679 – Telephone |
| 561.404.4353 – Facsimile | 888.691.1248 – Telephone |
| | 305.692.9387 – Facsimile |
| *Counsel for Plaintiff Compulife Software, Inc.* | *Counsel for Defendants* |