# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| COMPULIFE SOFTWARE, INC. <br><br> Plaintiff, <br><br> v. <br><br> BINYOMIN RUTSTEIN a/k/a BEN RUTSTEIN, DAVID RUTSTEIN a/k/a DAVID GORDON a/k/a BOB GORDON a/k/a NATE GOLDEN and JOHN DOES 1 TO 10, <br><br> Defendants. | CASE NO: 9:16-CV-80808-BER |
| COMPULIFE SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> MOSES NEWMAN, DAVID RUTSTEIN, BINYOMIN RUTSTEIN AND AARON LEVY, <br><br> Defendants. | CASE NO.: 9:16-cv-81942-BER |

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION (ECF NO. 315/311) AND ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION

Following the non-jury trial of these actions, the Court issued its Findings of Fact and Conclusions of Law Order dated July 12, 2021 (ECF No. 314, 310). Pursuant to Federal Rules of Civil Procedure 54, 58 and 65, the Court hereby **ENTERS THIS SEPARATE FINAL JUDGMENT**.

It is hereby **ORDERED and ADJUDGED** that Final Judgment is entered in favor of the plaintiff in these consolidated actions, Compulife Software, Inc., and against the Defendants in these consolidated actions, Binyomin Rutstein a/k/a Ben Rutstein, David Rutstein a/k/a David Gordon, Moses Newman, and Aaron Levy, jointly and severally, as follows:

1. **Actual damages** for misappropriation of trade secrets in the '08 case on Count IV for violation of the Economic Espionage Act as amended by the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b) ("DTSA"), and Count V for violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.004 ("FUTSA"), and in the '42 case on Count I for violation of the DTSA, and Count V for violation of FUTSA, in favor of the plaintiff and against the defendants jointly and severally pursuant to 18 U.S.C. § 1836(b)(3)(B) and Fla. Stat. § 688.004(1) for the actual loss caused by the misappropriation of the trade secret and the defendants' unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing actual damages in the total amount of **$184,225.87**; and

2. **Exemplary damages** for willful and malicious misappropriation of trade secrets in the '08 case on Count IV for violation of DTSA, and Count V for violation of FUTSA, and in the '42 case on Count I for violation of the DTSA, and Count V for violation of FUTSA, in favor of the plaintiff and against the defendants jointly and severally pursuant to 18 U.S.C. § 1836(b)(3)(C) and Fla. Stat. § 688.004(2) in the total amount of **$368,451.74**[1]; and

---

[1] I hereby amend the amount of damages awarded in my Findings of Fact and Conclusions of Law (ECF No. 314/310). I agree with Compulife that the statute provides for compensatory damages and a separate award for exemplary damages where the Court has found willful and malicious misappropriation "in an amount not exceeding twice any award" of actual damages (Fla. Stat. § 688.004(2)). *See U.S. Sec. Assocs., Inc. v. Campos*, No. 19-24290-CIV, 2020 WL 2494597, at *1 (S.D. Fla. May 13, 2020) (J. Graham).

3.      **Prejudgment interest** on the compensatory damage award ($184,225.87) at an annual rate of 5.5% uncompounded beginning on May 23, 2016 and running through March 11, 2018 and restarting on June 19, 2020 running through the date of final judgment.[2]  In addition to

---

[2] It is well settled that an "award of prejudgment interest must be compensatory rather than punitive, and tempered by an assessment of the equities." *Rigoni USA, Inc. v. Rigoni di Asiago USA, LLC*, No. 07-20070-CIV, 2009 WL 10667806, at *14 (S.D. Fla. Jan. 14, 2009) (J. Jordan) (quotations and citation omitted).  Accordingly, I find that prejudgment interest awarded in this case should only apply to the amount of compensatory damages, and not include the exemplary damages.

Likewise, I find it would be inequitable to include the time between the Court's initial decision in Defendants' favor (March 12, 2018) and the date the Eleventh Circuit issued its mandate reversing that decision (June 18, 2020), so that time will be excluded from the calculation of prejudgment interest.  *See Perdue Farms Inc. v. Hook*, 777 So. 2d 1047, 1054 (Fla. Dist. Ct. App. 2001) (citing *Flack v. Graham*, 461 So.2d 82, 84 (Fla. 1984) (applying "considerations of fairness" in awarding prejudgment interest)).

Compulife suggests three possible dates on which prejudgment interest should begin to accrue: August 18, 2011 (when Jeremiah Kuhn was deceived into giving Compulife's code to David Rutstein); April 9, 2015 (the date Bob Barney advised Defendants that they were using Compulife's software without permission); or May 23, 2016 (when Compulife filed its Complaint).  Prejudgment interest should accrue from the date of loss. *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 793 (11th Cir. 2005) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985).  None of the three dates proposed by Compulife reflects the exact date when all of its pecuniary damages were incurred, therefore I will use the date this lawsuit was filed (May 23, 2016) as the date on which prejudgment interest should begin to accrue. *See Rigoni USA, Inc.*, 2009 WL 10667806, at *14 (starting prejudgment interest on date complaint was filed where precise date of loss was unclear) (citing *Am. Moisture Control, Inc. v. Dynamic Bldg. Restoration, LLC*, No. 06-1908-CIV, 2008 WL 4107131, at *5 (M.D. Fla. 2008) (same); *Berloni S.p.A. v. Della Casa, LLC*, 972 So. 2d 1007, 1012 (Fla. Dist. Ct. App. 2008) (same).

With regard to the interest rate to be used in calculating this award, courts have held that "[w]here a federal statute is silent as to the manner of computing prejudgment interest, the award and amount of prejudgment interest is in the district court's discretion." *Equity Inv. Partners, LP v. United States*, No. 09-60002-CIV, 2011 WL 13173577, at *2 (S.D. Fla. Nov. 30, 2011) (citing *Werner Enterprises, Inc. v. Westwind Maritime Intern., Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009)).  Here, neither the DTSA nor FUTSA specify the interest rate to be used.  Notably, when the federal interest rate "is too low to compensate the plaintiff," courts use their discretion to apply an appropriate rate.  *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 20 CV. 3836 (JGK), 2021 WL 1112342, at *19 (S.D.N.Y. Mar. 24, 2021) (applying prime rate of 4% where federal rate was less than 1%).  *See also Emery v. Allied Pilots Ass'n*, No. 11-CV-81123, 2013 WL

prejudgment interest, post-judgment interest on the total amount of the judgment shall accrue hereafter according to 28 U.S.C. § 1961; and

4. **A permanent injunction** against defendants Binyomin Rutstein a/k/a Ben Rutstein, David Rutstein a/k/a David Gordon, Moses Newman, and Aaron Levy, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them, including but not limited to American Web Designers, Ltd. ("AWD") and the National Association of Accredited Insurance Professionals ("NAAIP"), who receive notice by any means reasonably calculated to give actual notice **ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED** from:

   a. copying, duplicating, acquiring, appropriating, misappropriating, scraping, obtaining, using, displaying, or otherwise engaging in any activity directed to obtaining or using, in whole or in part, Compulife's trade secret compilation of information concerning the term life insurance market, term life products, and term life rates; or

   b. conspiring with, receiving revenue from, or profiting from, assisting, aiding or abetting another person or business entity, including but not limited to American Web Designers, Ltd., the National Association of Accredited Insurance Professionals, or any members thereof, or any other person or business entity, in engaging or performing any of the activities enumerated above.

---

12318102, at *1 (S.D. Fla. Apr. 17, 2013) (J. Ryskamp) (where defendant delayed payment of plaintiff's ERISA benefits, court declined to use the federal interest rate, which was "just over one percent (about 1.19%) per annum" to calculate prejudgment interest, instead applying plaintiff's likely annual rate of return on investment at 9.5%).

Given that the federal interest rate is currently at a historical low, I look to the relevant Florida interest rates, which since 2016, have fluctuated between approximately 4.5% and 6.5%. https://www.myfloridacfo.com/division/aa/localgovernments/Current.htm. Therefore, I apply an annual rate of 5.5% uncompounded to Compulife's prejudgment interest award. *See. e.g., Rigoni USA, Inc.*, 2009 WL 10667806, at *14 (using a rate of 10% per annum uncompounded to award prejudgment interest where state law claims were governed by Connecticut and Florida law, whose interest rates ranged between 8%-11%).

5. **THE COURT ALSO ORDERS THAT** inasmuch as the proof at trial demonstrated that the defendants are in possession of the plaintiff's trade secrets, that defendants have repeatedly misappropriated the plaintiff's trade secrets, and that the misappropriation has continued to date, pursuant to 18 U.S.C. § 1836(b)(3)(A)(ii) and Fla. Stat. § 688.003(3), the Court hereby determines that requiring the defendants to take affirmative actions to protect the plaintiff's trade secrets is appropriate, and therefore HEREBY ORDERS THE DEFENDANTS Binyomin Rutstein a/k/a Ben Rutstein, David Rutstein a/k/a David Gordon, Moses Newman, and Aaron Levy to immediately discontinue the provision of life insurance quoting and quotation services and the use of life insurance quoters on the websites at the domain names www.naaip.org and www.beyondquotes.com, and file a certification with the Court confirming that the provision of life insurance quoting and quotation services and the use of life insurance quoters has ceased at the websites at www.naaip.org and www.beyondquotes.com within five (5) business days of the date of this Final Judgment and Permanent Injunction.[3]

**SO ORDERED.**

This 20th day of October, 2021

_(signature)_

HONORABLE BRUCE REINHART
United States Magistrate Judge

---

[3] The Court declines to impose the injunctive relief sought by Compulife in Paragraph 6 of its proposed order.